ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024
Telephone: (310) 943-0298
Facsimile: (310) 943-2255

Attorneys for Plaintiff
RON J. RUBIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RON J. RUBIO,

        Plaintiff,

        vs.

LVNV FUNDING, LLC, ERICA L.
BRACHFELD, THE BRACHFELD
LAW GROUP, A PROFESSIONAL
CORPORATION, ROBERT J.
COLCLOUGH III, ABC LEGAL
SERVICES, INC., and DOES 1
through 10, inclusive,

        Defendants.

CASE NO.:  3:14-CV-5395

**FIRST AMENDED COMPLAINT FOR:**

**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- 1 -
COMPLAINT

Plaintiff Ron J. Rubio, hereby alleges the following against defendants LVNV Funding, LLC, Erica L. Brachfeld, The Brachfeld Law Group, A Professional Corporation, Robert J. Colclough III, ABC Legal Services, Inc., and Does 1 through 10:

## OPERATIVE FACTS

1.     Defendant LVNV Funding LLC is a distressed debt buyer, who purports to own an old credit card debt of plaintiff Ron Rubio.  LVNV Funding and the Doe defendants hired defendant Brachfeld Law Group, P.C. to collect on the alleged debt. Brachfeld Law Group filed a complaint against plaintiff Rubio in the Riverside Superior Court on behalf of its client, LVNV Funding.

2.     Defendant Erica Brachfeld and Brachfeld Law Group, hired defendant ABC Legal Services, Inc. as their agent to serve the summons and complaint on Mr. Rubio.  ABC Legal Services never served the summons and complaint. After any alleged attempts to serve the complaint, ABC created a false proof of service, which recited that plaintiff Rubio had been personally served at an address in Los Gatos, California.  Plaintiff Rubio has never lived in Los Gatos, California, and was not served. Defendant Erica Brachfeld, the responsible attorney, and ABC Legal Services, then caused the false affidavit of service to be filed in the Riverside action.

3.     Erica Brachfeld and the Brachfeld Law Group then proceeded to obtain a default judgment against plaintiff Rubio in the Riverside Superior Court, based on the false proof of service.  LVNV Funding and the Doe defendants then hired defendant Colclough to enforce the judgment.

4.     Colclough conducted a bank levy and a wage garnishment against plaintiff Rubio, under authority of the void judgment. The total of the bank levy and the first installment of the wage garnishment exceeded the amount of the judgment. The levy and garnishment were plaintiff's first actual notice of the lawsuit.  Plaintiff called defendant Colclough's office, advised that he had never lived in Los Gatos, California, and requested that the wage garnishment stop, because the judgment was

fully satisfied.  Plaintiff also sent a letter to Colclough demanding that the void judgment be set aside, and that Colclough return the money taken under authority of the judgment.  Plaintiff also provided proof to Colclough's employee that he was employed in Southgate, California, at the time of the phony service in Los Gatos, California.

5.     Defendant Colclough ignored plaintiff, refused to set aside the void judgment, and continued garnishing plaintiff's wages, even though the judgment was void, and even though it had already been fully satisfied by the previous levy and garnishments.

6.     Plaintiff Rubio did not discover the existence of the lawsuit against him, and therefore defendants' violations of the law, until after September 23, 2014.

## JURISDICTION AND VENUE

7.     The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.  In addition, defendants have sufficient contacts in this district to subject them to personal jurisdiction here.

## PARTIES

9.     Plaintiff Ron J. Rubio is a California citizen, and a resident of the county of Riverside, and is over 18 years of age.

10.     Defendant LVNV Funding, LLC is a Delaware limited liability company.

11.     Defendant Erica Brachfeld is a California citizen, and is over 18 years of age.

12.      Defendant The Brachfeld Law Group, A Professional Corporation, is a California corporation, and a citizen of California.

13.     Defendant Robert J. Colclough III is over 18 years of age, and a citizen of California.

14.     Defendant ABC Legal Services, Inc. is a Washington corporation.

15.     Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

16.     Each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION

**(By Plaintiff Against All Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

17.     Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

18.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendant ABC Legal Services, Inc. is not exempt from the FDCPA under 15 U.S.C. § 1692a(6)(D) because it did not create or file the false affidavit while serving or attempting to serve legal process.

19.     Defendants ABC Legal Services, Inc., LVNV Funding LLC, Erica Brachfeld, The Brachfeld Law Group, A.P.C. and the Doe defendants violated 15 U.S.C. § 1692e by creating and/or filing a false affidavit of service in the Riverside County Superior Court.

20.     All defendants, including defendant Colclough, violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

21.     All defendants, including defendant Colclough, violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

22.     Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

23.     Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

24.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against Defendants ABC Legal Services, Inc., LVNV Funding LLC, The Brachfeld Law Group, A.P.C., and the Doe Defendants, for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

25.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

26.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

27.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing.

28.     The defendants sued on this cause of action at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt".

29.     The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money or property which was alleged to be due and owing, by reason of a consumer credit transaction entered into with plaintiff.

30.     Defendants violated Civil Code § 1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceedings when defendants knew that service of process had not been legally effected.

31.     Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by creating and/or filing a false affidavit of service with the Riverside County Superior Court.

32.     Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

33.     Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

34.     As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof.

35.     Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

36.     Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

37.     Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     For actual damages;

2.     For statutory damages;

3.     For pre-judgment interest to the extent permitted by law;

4.     For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

5.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: August 5, 2015                    TRUEBLOOD LAW FIRM


                                         /s/
                                         Alexander. B. Trueblood

                                         Attorneys for Plaintiff
                                         RON J. RUBIO