ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 943-0298
Facsimile: (310) 943-2255

Attorneys for Plaintiff
RON J. RUBIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. RUBIO,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC, ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION, ROBERT J. COLCLOUGH III, ABC LEGAL SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.:  4:14-CV-05395-JSW<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

     The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

*Form updated August 2014*

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. stemming from the alleged filing of a false affidavit of service and subsequent enforcement of a void judgment against Plaintiff in a court collection action. Accordingly, subject matter jurisdiction is proper in federal court.

Plaintiff states that are no issues exist concerning personal jurisdiction or the propriety of venue. The principal alleged wrongdoing of creating the false affidavit occurred in Oakland, California, at the offices of the process server, ABC Legal Services, Inc. The other defendants also do regular business in the Northern District of California and are subject to jurisdiction here. Defendants have been litigating this case for nine months without making any venue challenge. Nothwithstanding Defendant Brachfeld alleges that in light of the undue burden of defending herself in northern California, and the fact that all parties reside in southern California, the more convenient Venue would be Southern California

Defendants note that the Plaintiff resides in southern California, the underlying state court action at issue is pending in southern California, the default judgment at issue was obtained and subsequently set aside in southern California, and all counsel are located in southern California. The connection to northern California is that the alleged improper service of the underlying state court complaint took place in northern California.

Defendant ABC Legal Services, Inc., the process server, has just been named as a defendant in the First Amended Complaint, and is in the process of being served. Defendant The Brachfeld Law Group, APC is also being served,

*Form updated August 2014*

because it did not appear after being served with the original complaint. However, defendant Erica Brachfeld contends that this entity is out of business as of December 2012 and corporate dissolution papers filed thereafter with the Secretary of State. The parties propose 60 days as a deadline to serve the First Amended Complaint.

2.  Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

This is an action for violations of the Fair Debt Collection Practices Act, and California's Rosenthal Fair Debt Collection Practices Act, in which plaintiff alleges that a debt collection agency and its lawyers filed a false affidavit of service in a state court collection lawsuit, and executed on the resulting void judgment after plaintiff informed them he had not been served.

Defendant LVNV Funding, LLC is a debt buyer which claims it purchased a debt of $1,553.57 originally owing by Ron Rubio to Washington Mutual Bank. LVNV hired counsel to collect on the debt, defendant Erica Brachfeld, Esq. Brachfeld hired a process server, defendant ABC Collection Services, Inc., who claims it went to serve the complaint at an address on Altura Vista street in Los Gatos, California, which is located in Northern California. Plaintiff alleges that the Altura Vista location was not and has never been his address, for he lived in Riverside county at the time. Plaintiff alleges that the process server created a false proof of service, stating that Mr. Rubio had been personally served on May 12, 2013 in Los Gatos, hundreds of miles away from where plaintiff alleges he was physically present in Southern California. The proof of service was filed with the state court, and LVNV Funding obtained a judgment against Mr. Rubio.

*Form updated August 2014*

Brachfeld claims that Brachfeld Law Group closed its operations and stopped servicing accounts in the credit industry. Erica Brachfeld also claims to have stopped working in the legal collection industry. LVNV hired new counsel in the debt collection lawsuit in September, 2014, defendant Robert Colclough, Esq. LVNV, through Colclough, executed a bank levy and started a wage garnishment in October, 2014. Plaintiff alleges that he wrote a letter to defendant Colclough explaining that he had never been served, and requesting that the judgment be set aside, and that he also emailed Colclough his pay stubs for May, 2013, to prove he was living and working in Southern California at the time of the purported service in Los Gatos. LVNV Funding did not set aside the judgment or return any of the garnished money.

On May 26, 2015, the Riverside Superior Court granted Mr. Rubio's motion to set aside the default and default judgment in the collection action. On July 21, 2015, this court denied defendants' two motions to dismiss for lack of jurisdiction.

3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff contends Defendants violated the FDCPA and Rosenthal Fair Debt Collection Practices Act as a result of the defendants' conduct in the state court action. Specifically, Plaintiff contends that the proof of service filed by defendants was false in violation of 15 U.S.C. § 1692e and Civil Code § 1788.17, and that defendants violated 15 U.S.C. § 1692d and Civil Code § 1788.15(a) by "collecting or attempting to collect a consumer debt by means of judicial proceedings when defendants knew that service of process had not been legally effected."

Defendants deny violating any laws. Defendants LVNV Funding, LLC and Robert Colclough deny that they are liable for the acts or omissions of a process

*Form updated August 2014*

server retained by collection counsel to serve the state court complaint.  Defendant Brachfeld denies that she is liable for any alleged defect in the service of process of an independent third party process server whom The Brachfeld Law Group, PC retained to serve process and of which she had no independent control of, and at no time was aware that any service was defective. Brachfeld also claims that her law firm at the time had processes in place to regularly audit the service of process of the outside Process Servers utilized by the law firm.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

   Defendants filed Motions to Dismiss, which were denied.  Plaintiff recently filed a First Amended Complaint adding another defendant – ABC Legal Services, Inc. ("ABC").  ABC was the process server who created the affidavit of service which was filed in the state court action. Defendant LVNV Funding, LLC anticipates filing a cross-claim against ABC.  It is unknown if the additional defendant / cross-defendant will file any motions.  The parties anticipate filing motions for summary judgment/adjudication after the completion of sufficient discovery.

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

   Other than the recently filed First Amended Complaint and anticipated cross-claim against ABC, the parties are unaware of any additional parties or

*Form updated August 2014*

claims at this time. The parties propose five months after the scheduling conference as a deadline to amend.

### 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and, to the extent applicable to this case, will preserve evidence reasonably related to this action. The parties have not yet met and conferred regarding the reasonable steps taken to preserve evidence relevant to this action, because defendant Brachfeld is out of the country this month and not available by phone. The parties will have that discussion when Ms. Brachfeld returns and is available.

### 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have not yet served initial disclosures, but propose that initial disclosures be made within two weeks of the scheduling conference.

### 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

*Form updated August 2014*

There has been no discovery to date, as the parties refrained while the motions to dismiss were pending. The deposition of Ron Rubio is scheduled for September 4, 2015 in the state court action.

Plaintiff will conduct discovery, among other things, concerning the events of the attempted service, defendants' communications with Plaintiff, and Defendants' past incidences of FDCPA violations.

Defendants will conduct discovery concerning, among other things, Plaintiff's claims, alleged damages, communications with any defendants, and facts regarding underlying state court action.

The case does not present unusual discovery issues, and therefore the limitations of the FRCP do not need to be modified, and the parties have not considered entering into a special e-order regarding discovery. The parties have not formulated a specific discovery plan, other than to proceed with document demands, interrogatories, and depositions as per the FRCP.

Plaintiff requests the court's assistance to avoid a potential discovery dispute. LVNV Funding has noticed plaintiff's deposition in the state court action for September 4, 2015. Plaintiff intends to notice his own deposition in this case for the same day, to avoid having to appear twice for deposition. However, defendant ABC Legal Services has not yet been served, and has not participated in a Rule 26 conference, which may arguably bar plaintiff from serving the notice of deposition. Plaintiff therefore seeks leave to serve a notice of deposition on ABC with the summons and complaint, pursuant to FRCP 26(d)(1), which provides that no discovery may be served until the Rule 26 conference is completed, "unless the court orders otherwise." The parties who have already appeared in this case completed their Rule 26 conference on March 11, 2015.

*Form updated August 2014*

9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

  This is not a class action.


10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

  There are no related federal cases known to the parties. LVNV Funding is proceeding with its collection lawsuit against Plaintiff, in the Superior Court of California, County of Riverside (Case No. RIC1300836). That case is set for trial on January 14, 2016, but Plaintiff states that trial is unlikely to be relevant to this case. Defendants disagree, and contend that the outcome of the underlying state court action may be relevant to this case.


11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

  Plaintiff states he will seek the following relief:

  • Actual damages, including attorneys fees and costs incurred in the state court action, and emotional distress. Attorneys fees incurred in the state action are currently about $22,000. Plaintiff also suffered significant emotional distress due to the financial hardships imposed by defendants' garnishments and levies.

  • Statutory damages under the FDCPA and Rosenthal Act, of $1,000 per defendant under each statute: thus, $2,000 as to LVNV Funding, $1,000 as to

*Form updated August 2014*

Brachfeld, $1,000 as to Colclough, $2,000 as to Brachfeld Law Group, and $2,000 as to ABC Legal Services, for a total of $8,000.

• Plaintiff's reasonable attorneys fees and costs related to this action. Plaintiff's current "lodestar," after prevailing on the two motions to dismiss, exceeds $42,000 (not counting any time which was necessary to certain common issues litigated in both the state and federal cases).

12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have discussed the prospects for early resolution of this matter, but have not come to a resolution, and have not yet participated in ADR. The parties will continue those discussions once further discovery and investigation is completed. The addition of the new party, ABC Legal Services, is likely necessary for comprehensive settlement discussions.

The parties select private mediation as their ADR option. The parties will submit their ADR selection and forms to the ADR department, before the scheduling conference. The parties anticipate that mediation may be appropriate after the new party ABC Legal Services appears in the action and after Plaintiff's deposition is complete.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*     ____ YES     ____ NO

Not all parties consent to use a Magistrate Judge for all purposes.

*Form updated August 2014*

14. <u>Other References</u>

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

    Not applicable.

15. <u>Narrowing of Issues</u>

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

    The parties believe that no special ordering of evidence at trial will be necessary. As to summaries or stipulated facts, the parties will meet and confer regarding stipulated facts after discovery is complete. The parties have no requests to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

    Not applicable.

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| Last day to amend pleadings or add parties: | 2/28/16 |
| Non-expert discovery cutoff: | 7/27/16 |
| Expert disclosures: | 6/22/16 |
| Rebuttal expert disclosures: | 7/8/16 |

*Form updated August 2014*

| | |
|---|---|
| Expert discovery cutoff: | 8/25/16 |
| Motion cutoff – last date to hear motions:[1] | 8/25/16 |
| Last day to complete private mediation: | 8/29/16 |
| Final Pre-Trial Conference: | 9/15/16 |
| Trial: | 10/1/16 |

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

      Plaintiff requests a jury trial.  The parties anticipate a 3-4 day jury trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

      Plaintiff and Defendants LVNV Funding, LLC and Robert Colclough have filed a Certificate of Interested Entities or Persons.  Defendants Brachfeld, Brachfeld Law Group, and ABC Legal Services, Inc. have not.

      Plaintiff restates his certification as follows:  the interested parties known to plaintiff are Ron J. Rubio, Erica Brachfeld, Brachfeld Law Group, Robert Colclough, LVNV Funding, LLC, Ronald Menendez, and ABC Legal Services, Inc.

---

[1] Except for Motions in Limine which shall heard at the Pre-Trial Conference.

*Form updated August 2014*

Defendant LVNV Funding, LLC and Robert Colclough restate their certification as follows:  The interested parties: LVNV Funding, LLC is wholly owned by Sherman Originator, LLC.   Defendant Robert J. Colclough.

20.  Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel of record have reviewed the Guidelines.

21.  Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties respectfully request permission to attend the scheduling conference on August 28, 2015 by telephone.  All counsel are located in southern California.

Dated:     August 18, 2015          TRUEBLOOD LAW FIRM

*/s/Alexander Trueblood*
Alexander Trueblood
Attorney for Plaintiff Ron J. Rubio

Dated:     August 18, 2015          YU MOHANDESI LLP

*/s/ Ben Mohandesi*
Ben Mohandesi
Attorneys for Defendants LVNV Funding LLC and Robert Colclough

Dated:     August 13, 2015

*/s/ Erica Brachfeld*
Erica Brachfeld
In Pro Per

Page **12** of **13**

*Form updated August 2014*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated August 2014*