UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON J. RUBIO, | Case No.: 4:14-CV-05395 |
| Plaintiff, | **JUDGMENT IN FAVOR OF PLAINTIFF RON J. RUBIO** |
| vs. | |
| LVNV FUNDING, LLC, ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION, ROBERT J. COLCLOUGH III, ABC LEGAL SERVICES, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

The Court, having reviewed plaintiff's acceptance of defendants' September 22, 2015 Rule 68 offer of judgment, hereby enters judgment in favor of plaintiff Ron J. Rubio, on the following terms:

(1) Defendant ABC LEGAL SERVICES, INC. shall pay to plaintiff RON J. RUBIO $1,000.00 for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);

(2) Defendant ABC LEGAL SERVICES, INC. shall pay to plaintiff RON J. RUBIO $1,000.00 for statutory damages under Cal. Civ. Code § 1788.30(b);

(3) Defendant ABC LEGAL SERVICES, INC. shall pay to plaintiff RON J. RUBIO $7,500.00 in the aggregate for damages related to emotional distress, mental anguish, embarrassment, shame, anxiety, fear and feelings of despair;

(4) With respect to RON J. RUBIO'S attorney's fees and costs incurred in this Federal action, the parties may mutually agree upon the reasonable amount of those fees and costs, but if no agreement can be reached, then this U.S. District Court shall determine those fees and costs in accordance with Fed. R. Civ. P. 54(d), 15 U.S.C. § 1692k(a)(3), Cal. Civ. Code § 1788.30(c) and the provisions of paragraph (6) below.

(5) With respect to RON J. RUBIO'S attorney's fees and costs incurred in the related state court action filed under Case# RIC1300836 in the Riverside County Superior Court, the parties may mutually agree upon the reasonable amount of those fees and costs, if any, but if no agreement can be reached, then this U.S. District Court shall determine, as part of RON J. RUBIO'S motion for fees in this matter per Fed. R. Civ. P. 54(d) and in accordance with paragraph (6) below, whether such state court fees and costs may be awarded either as damages under 15 U.S.C. § 1692k(a)(1) / Cal. Civ. Code § 1788.30(a) or as fees and costs under 15

U.S.C. § 1692k(a)(3) / Cal. Civ. Code § 1788.30(c). This U.S. District Court will determine the reasonable amount of those state court fees and costs if they are to be awarded under either 15 U.S.C. § 1692k(a)(1) / Cal. Civ. Code § 1788.30(a) or 15 U.S.C. § 1692k(a)(3) / Cal. Civ. Code § 1788.30(c). Defendants' stipulations in this regard are not to be construed as an admission or concession by any defendant that the state court fees and costs are recoverable in this action.

(6) All defendants shall be held jointly and severally liable for all damages, fees and costs referenced in paragraphs (1) through (5). This U.S. District Court shall determine the proportionate share that each defendant shall be liable for and shall pay to RON J. RUBIO for his fees and costs incurred in this Federal action (See paragraph (4) above) and for his fees and costs incurred in the state court action (See paragraph (5) above); that is, at the hearing on plaintiff RON J. RUBIO'S motion for fees, all defendants have stipulated and agreed that all defendants may assert claims for indemnity and contribution against one another and that said claims shall be decided by this Court at that time. Nothing in this stipulated judgment shall be construed as an admission or concession by any defendant that said defendant is liable to any other defendant for contribution or indemnity.

(7) this judgment shall supersede, render void and replace the notice of acceptance of Rule 68 offer filed by Plaintiff on September 18, 2015 under document number 57. This judgment shall completely and finally dispense with, as to all parties, all claims and cross-claims arising out of the transaction or occurrence that surrounds this dispute and lawsuit, including all of plaintiff RON J. RUBIO'S claims that are not currently included as allegations in the operative complaint. To wit, the parties have agreed that plaintiff RON J. RUBIO, among other potential allegations,

alleges a claim against defendants LVNV FUNDING, LLC, ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, APC and ROBERT J. COLCLOUGH, III for violating the FDCPA and RFDCPA with respect to filing the state court collections complaint outside the applicable statute of limitations. The parties agree that plaintiff RON J. RUBIO, among other potential allegations, alleges a claim against defendants LVNV FUNDING, LLC, ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, APC and ROBERT J. COLCLOUGH, III for violating the FDCPA and RFDCPA with respect to filing the state court collections complaint in an improper venue and/or attempting to serve the state court collections complaint outside the proper venue. Though said allegations are not presently part of the operative complaint, this judgment shall have the force and effect of finally deciding those allegations along with all other potential allegations arising out of the same transaction or occurrence surrounding this dispute and lawsuit.

(8) Defendant LVNV shall dismiss with prejudice the entire state court action filed against Plaintiff under Case# RIC1300836 in the Riverside County Superior Court.

Dated:   December 3, 2015

_____
Judge, United States District Court